***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner. The appealing party has shown good grounds to reconsider the evidence, and having reviewed the competent evidence of record, the Full Commission hereby modifies and affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the deputy commissioner hearing as:
 STIPULATIONS
The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
An employee-employer relationship existed between the parties at all relevant times.
PMA Insurance Group is the carrier on the risk.
Plaintiff sustained a compensable injury by accident on 24 March 1995.
The following were admitted into evidence at the hearing:
packet of medical records and
 depositions of Dr. James G. Wallace dated 3 October 1995 and 23 April 1996.
The issue for determination is: to what degree plaintiff should be compensated for his permanent partial disability, including scars on his arm and face and sensitivity to the mouth.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
On 24 March 1995, plaintiff was employed by P.H. Glatfelter Company, Ecusta Division at Pisgah Forest, North Carolina. He has worked for his employer for 44 years.
Plaintiff sustained a compensable injury by accident arising out of and in the course and scope of his employment when a piece of a steam valve hit his face.
Plaintiff was treated for the injury in the emergency room of Transylvania Community Hospital by Dr. Paul B. Duvall and Dr. Robert C. Hendel. Plaintiff was referred by Dr. Hendel to a plastic surgeon, Dr. James McDonough.
Dr. McDonough released plaintiff to return to work full time on 5 April 1995.
Plaintiff sought additional consultations with Dr. James G. Wallace, an expert in plastic surgery.
Despite plaintiff's treatment by Dr. Wallace, he has some redness and discoloration in the right facial area, a scar along the left cheek bone and scars in the corner of his mouth. In addition, he has numbness on both sides of his mouth and some functional problems primarily related to eating.
The deputy commissioner reported that from a distance of about four to five feet from the bench to the witness chair, plaintiff's scars are visible and that the scars are slightly repulsive. The Full Commission has received no evidence to challenge this finding, and thereby accepts the judgment of the deputy commissioner who had the ability to personally observe the plaintiff.
8. There is no evidence of record to indicate that plaintiff's employment or salary has been affected by his scars.
9. As a result of plaintiff's compensable injury, he has suffered permanent disability to the mouth which interferes with eating.
10. As a result of his compensable injury by accident, plaintiff has sustained permanent scaring to both right and left side of his face. The disfigurement consists of redness, discoloration of the right upper facial area, lengthy scar along the left cheekbone and puckered type scaring of the corner of each side of his mouth.
11. In addition, as a result of his compensable accident and being struck in the face by steam and pieces of a steam valve, plaintiff has been left with numbness on both sides of his mouth and functional problems related to eating. The numerous surgeries plaintiff has had also contributed to his problems with his mouth. The greater weight of the evidence supports that plaintiff has some impairment from these injuries, but the impairment fortunately is slight. Plaintiff testified, and the Commission accepts as fact, that he has functional difficulty with eating such that he feels that it is necessary to have an extra napkin in the event that he finds that there is food trapped in his mouth that he cannot feel.
12. Plaintiff's facial disfigurement concerns the external appearance of his skin and facial structure. The damage to his mouth, while it affects appearance somewhat, is more involved with loss of sensation and inability to eat normally, which is not visible. The Full Commission finds that the deputy's award for permanent impairment is high for the evidence concerning the degree of impairment and the Full Commission thereby reduces the amount awarded for damages under Section 97-31(24).
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On 24 March 1995, while plaintiff was employed by defendant-employer, he sustained an admittedly compensable injury to his face by accident arising out of and in the course and scope of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of his compensable injury, plaintiff sustained some permanent facial disfigurement.
3. The amount of $1,000.00 constitutes reasonable and appropriate compensation to plaintiff for his facial disfigurement under N.C. Gen. Stat. § 97-31(21) Stanley v. Gore Brothers, 82 N.C. App. 511 (1986).
As a result of his compensable accident, plaintiff has also suffered puckering and scaring on each side of his mouth and has been left with numbness on both sides of his mouth and functional problems related to eating. Subject to reasonable attorneys' fees, the amount of $5,000.00 constitutes reasonable and appropriate compensation to plaintiff for the loss of sensation and numbness. N.C. Gen. Stat. § 97-31(24).
 ***********
Based on the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission makes the following:
 AWARD
Plaintiff's claim for compensation for damage to an important organ is allowed. Defendant shall pay plaintiff $5,000.00 as compensation for the injury to plaintiff's mouth which has been left numb and has caused physical problems relating to eating.
Plaintiff's claim for compensation based on facial disfigurement pursuant to N.C. Gen. Stat. § 97-31(21) is allowed. Defendants shall pay plaintiff $1,000.00 as compensation for facial disfigurement.
Plaintiff's attorney is entitled to fees in the amount of 25% of the total amount ($6,000.00) due plaintiff and shall be paid by defendants directly to plaintiff's attorney.
Defendant shall pay the costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER